IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TOYA JANININE YOUNG          *

                                                                                                   *

v.          *          Civil Case No. MJG-17-0375

                                                *

COMMISSIONER, SOCIAL SECURITY          *

**************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-motions for summary judgment, and Plaintiff's reply. [ECF Nos. 16, 17, 18]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that both motions be denied, that the Commissioner's decision be reversed in part pursuant to sentence four, and that the case be remanded to the Commissioner for further proceedings in accordance with this Report and Recommendations.

Ms. Young filed her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on August 29, 2012, alleging that her disability began on July 27, 2012. (Tr. 179-89). Her applications were denied initially and on reconsideration. (Tr. 75-83, 85-93, 95-105, 107-17). An Administrative Law Judge ("ALJ") held a hearing on

October 29, 2014, at which Ms. Young testified and was represented by counsel. (Tr. 37-73). Following the hearing, the ALJ determined that Ms. Young was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 24-31). The Appeals Council denied Ms. Young's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Young suffered from the severe impairments of "lupus, nephrotic syndrome, and obesity." (Tr. 27). Despite these impairments, the ALJ determined that Ms. Young retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can do no more than occasional climbing of ramps and stairs; she can never climb ladders, ropes, and scaffolds; she can do frequent balancing, stooping, kneeling, crouching, and crawling; and she is limited to routine, repetitive, and unskilled tasks.

*Id.* After considering testimony from a vocational expert ("VE"), the ALJ determined that Ms. Young could perform her past relevant work "as a dining room attendant and custodian," and that, therefore, she was not disabled. (Tr. 30).

Ms. Young raises several arguments on appeal: (1) that the ALJ exceeded his authority by rejecting the results of the intellectual testing; (2) that the ALJ failed to consider her intellectual limitations; (3) that the ALJ failed to consider Listing 12.05C; (4) that the ALJ improperly calculated her prior performance of substantial gainful activity ("SGA"); (5) that the ALJ failed to consider the circumstances of her prior and ongoing employment; and (6) that the ALJ failed to consider all of the mental opinion evidence. I concur that the ALJ's analysis is deficient in several ways, and therefore recommend remand. In so recommending, I express no opinion regarding whether the ALJ's ultimate conclusion that Ms. Young is not entitled to benefits is correct or incorrect.

First, Ms. Young's attorney expressly argued, in a brief filed before the hearing, that Ms. Young met the qualifications of Listing 12.05C. That Listing requires "[s]ignificantly subaverage general intellectual functioning with deficits in adaptive functioning that initially manifested during the developmental period." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. In addition, a claimant must show "that she has a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment that imposes an additional and significant work-related limitation of function." *See id.* § 12.05C.

Initially, it is worth noting that the ALJ included almost no discussion of Ms. Young's intellectual limitations in the opinion. The ALJ acknowledged "a consultative examination with Sara Phillips, Ph.D. on October 25, 2014," and confirmed that Dr. Phillips diagnosed "learning disability, with intelligence scores placing her in the mild range of mental deficiency through the borderline range of functioning." (Tr. 27). The ALJ, however, deemed Ms. Young's intellectual limitations non-severe, because "the record contains no other notes of mental health treatment, and the claimant was intelligent enough to work, often at substantial gainful activity levels." *Id.* That determination is based upon faulty criteria, because (1) there would be no reason for mental health treatment to address intellectual limitations, and (2) all of Ms. Young's work experience was through CHIMES, a well-known organization dedicated to providing work opportunities for people with disabilities. Thus, the ALJ's conclusion that Ms. Young's intellectual limitations are non-severe is not supported by substantial evidence.

Apparently conceding that Ms. Young has both the requisite IQ score and the "physical or other mental impairment" to satisfy Listing 12.05C, the Commissioner argues that Ms. Young did not adduce ample evidence of "deficits in adaptive functioning that initially manifested during the developmental period." Def. Mot. 12-13. However, the record contains ample

3

evidence of Ms. Young's need for special education classes in school, in addition to her work in the highly supported and structured environment at CHIMES. *See, e.g.*, (Tr. 50) (hearing testimony that she was in special education classes from third grade through high school). Accordingly, given ample evidence that the criteria of the Listing may be met, the ALJ erred in failing to identify and evaluate Listing 12.05C.

Next, the ALJ's evaluation of Ms. Young's existing part-time employment is unpersuasive. The ALJ asserts that, with her existing part-time schedule, Ms. Young's wages exceeded the level for SGA for one quarter during each calendar year. (Tr. 26). The ALJ then posits, "Her work demonstrates an ability to perform substantial gainful activity on a full time basis." (Tr. 27). The ALJ does not explain why an ability to work three days per week demonstrates an ability to work full time, in light of Ms. Young's physical diagnoses.

Moreover, in making the determination that Ms. Young is capable of her past relevant work, the ALJ did not consider whether or not that work is "done under special conditions." *See* 20 C.F.R. § 404.1573(c) ("If your work is done under special conditions, we may find that it does not show that you have the ability to do substantial gainful activity."). The work environment at CHIMES should have been reviewed to determine whether it met the criteria for special conditions.

There are many other errors alleged or evident in the ALJ's opinion, including the failure to average employment quarters to calculate SGA at Step One, the apparent failure to consider Ms. Young's diagnosis of "poorly controlled diabetes" and to determine whether it is a severe impairment, and the failure to assign weight to Dr. Robbins's medical opinion. Because I am recommending remand, I further recommend that the ALJ carefully evaluate each of these issues and provide an opinion supported by substantial evidence.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment, (ECF No. 17);

2. the Court DENY Plaintiff's Motion for Summary Judgment, (ECF No. 16);

3. the Court REVERSE in part the Commissioner's decision under sentence four; and

4. the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: October 16, 2017                         /s/
                                                Stephanie A. Gallagher
                                                United States Magistrate Judge